# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
www.ca8.uscourts.gov

March 01, 2022

Mr. John Bishop
Suite 299
The Armstrong Centre
222 Third Avenue, S.E.
Cedar Rapids, IA 52401-0000

RE: 20-3720 United States v. Brandon Seys

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

NDG

Enclosure(s)

cc: Mr. Clerk, U.S. District Court, Northern Iowa
Ms. Elizabeth Dupuich
Ms. Emily K. Nydle
Mr. Brandon James Seys

District Court/Agency Case Number(s): 2:19-cr-01004-CJW-1

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

March 01, 2022

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

   RE: 20-3720 United States v. Brandon Seys

Dear Sirs:

  A published opinion was filed today in the above case.

  Counsel who presented argument on behalf of the appellant and appeared on the brief was John Bishop, of Cedar Rapids, IA.

  Counsel who presented argument on behalf of the appellee and appeared on the brief was Emily K. Nydle, AUSA, of Cedar Rapids, IA.

  The judge who heard the case in the district court was Honorable Charles J. Williams, adopting the report and recommendation of Honorable Mark A. Roberts. The judgment of the district court was entered on December 23, 2020.

  If you have any questions concerning this case, please call this office.

                Michael E. Gans
                Clerk of Court

NDG

Enclosure(s)

cc: MO Lawyers Weekly

   District Court/Agency Case Number(s): 2:19-cr-01004-CJW-1

United States Court of Appeals

For the Eighth Circuit

_____

No. 20-3720
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon James Seys

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: September 24, 2021
Filed: March 1, 2022
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

     Brandon Seys pled guilty to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Seys was sentenced to concurrent terms of 324 and 120 months of imprisonment. Seys appeals

his conviction and sentence, arguing the district court[1] erred by denying his motion to withdraw his guilty plea, denying a reduction for his acceptance of responsibility under the United States Sentencing Guidelines Manual ("U.S.S.G" or "Guidelines") § 3E1.1, and imposing an unreasonable sentence. We affirm.

## I. Background

Based on information from multiple sources, Dubuque Drug Task Force ("DDTF") officers suspected Seys was distributing methamphetamine in Dubuque, Iowa. DDTF officers began conducting 24-hour video surveillance on Seys's presumed residence, and used mobile-tracking devices on two vehicles connected to Seys. While observing Seys's actions, DDTF officers witnessed him regularly visit a storage unit that they believed contained drugs, and they learned Seys frequented a local hotel.

In December 2018, DDTF officers searched the house, one of the cars, the storage unit, a hotel room, and Seys himself. They found methamphetamine, cocaine, and other evidence consistent with drug distribution—drug paraphernalia, surveillance cameras, firearms, ammunition, notebooks containing suspected drug ledgers, and about $10,000 in cash.

DDTF officers arrested Seys and a grand jury charged him with five crimes: (1) conspiracy to distribute methamphetamine, 21 U.S.C. § 846; (2) possession of firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); (3) possession of firearms by a felon, 18 U.S.C §§ 922(g)(1) and 924(a)(2); (4) possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(B); and (5) possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C).

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, adopting the report and recommendations of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

-2-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 4 of 11
Appellate Case: 20-3720    Page: 2    Date Filed: 03/01/2022 Entry ID: 5131351

Seys moved to dismiss his indictment. He argued dismissal of the indictment was warranted because the government violated his due process rights by failing to preserve surveillance video of his house. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding it violates due process for the government to suppress requested material evidence that is favorable to the accused, regardless of whether the government acted in good or bad faith); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). After a hearing, the district court denied Seys's motion to dismiss the indictment. The district court rejected Seys's due process argument after concluding Seys failed to show that the missing surveillance video was exculpatory or that law enforcement's unintentional destruction of the video was done in bad faith.

At that point Seys sought to enter a guilty plea. After a hearing, the district court accepted Seys's guilty plea to the conspiracy distribution and the felon in possession counts after finding the guilty plea was knowing and voluntary and had a factual basis.

Roughly seven months later, Seys moved to withdraw his guilty plea after he received some surveillance video the government had previously claimed was mistakenly not saved. Seys argued this development provided a fair and just reason to withdraw his guilty plea, arguing that it revealed DDTF Investigator Daniel Kearney, who was heavily involved in the investigation and surveillance of Seys's house, had testified falsely at the motion to dismiss hearing and that this new information bolstered his previously-rejected due process argument.

After another evidentiary hearing, the district court rejected Seys's argument, reiterating Seys had not shown the surveillance video was exculpatory and the evidence showed, at most, Kearney had negligently handled the video. The district court concluded this did not constitute bad faith, and thus a due process violation had not occurred. While acknowledging that Seys believed this information might

-3-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 5 of 11
Appellate Case: 20-3720   Page: 3   Date Filed: 03/01/2022 Entry ID: 5131351

give him an opportunity to impeach Kearney, the district court nonetheless did not find this possibility of impeachment was a fair and just reason to allow Seys to withdraw his guilty plea. Consequently, the district court denied Seys's motion.[2]

The case proceeded to sentencing. When calculating the advisory Guidelines range, the district court rejected a two-level reduction in Seys's total offense level based on his acceptance of responsibility. The district court imposed a sentence of 324 months for the conspiracy crime, which was at the bottom of the recommended Guidelines range, and 120 months for the possession of firearms by a felon crime, with the terms to be served concurrently.

## II. Analysis

On appeal, Seys argues the district court erred by denying his motion to withdraw his guilty plea, denying a reduction for acceptance of responsibility, and imposing an unreasonable sentence. We consider each argument in turn.

### A. Attempt to Withdraw Guilty Plea

We first consider Seys's argument that the district court should have granted his motion to withdraw his guilty plea, applying an abuse of discretion standard. *See United States v. Trevino*, 829 F.3d 668, 671 (8th Cir. 2016).

---

[2]The district court recognized it did not need to consider the remaining factors related to a motion to withdraw a guilty plea because of its fair and just reason determination. But it believed such an analysis was warranted. The district court found Seys did not make a meaningful assertion of factual or legal innocence. The district court also found that too much time had passed between Seys's guilty plea and his motion to withdraw it and thus "the timeliness factor . . . [did] not support granting [Seys's] motion." Finally, the district court found the government would not be significantly prejudiced by permitting Seys to withdraw his guilty plea but concluded this factor did not outweigh Seys's failure to prevail on the other factors.

-4-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 6 of 11
Appellate Case: 20-3720   Page: 4   Date Filed: 03/01/2022 Entry ID: 5131351

The Federal Rules of Criminal Procedure permit a defendant to withdraw a court-accepted guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quoting *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993)). The district court need not weigh these other considerations, however, where the defendant shows no fair and just reason for the withdrawal. *Nichols*, 986 F.2d at 1201.

The threshold issue here is whether the district court abused its discretion in deciding Seys did not show a fair and just reason to withdraw his guilty plea. It did not.

The district court found "unpersuasive" Seys's contention that DDTF's handling of the surveillance video amounted to a due process violation, thus warranting a withdrawal of the guilty plea. "Due process is violated when the government 'suppresses or fails to disclose material exculpatory evidence.'" *United States v. Houston*, 548 F.3d 1151, 1155 (8th Cir. 2008) (quoting *Illinois v. Fisher*, 540 U.S. 544, 547 (2004)). "If, however, the evidence in question is only potentially useful, as opposed to clearly exculpatory, then a criminal defendant must prove bad faith on the part of the police to make out a due process violation." *Id.*

Seys admits the missing surveillance video is only potentially useful and thus he needed to show Kearney acted in bad faith to prevail on his due process claim. After two hearings where Kearney and other law enforcement officials testified about their handling of the surveillance video, the district court concluded the law enforcement agents' actions fell "far short of the type of behavior which could plausibly be considered to be bad faith." The district court explained there was no evidence Kearney intentionally destroyed files, consciously suppressed exculpatory

-5-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 7 of 11
Appellate Case: 20-3720    Page: 5    Date Filed: 03/01/2022 Entry ID: 5131351

evidence, or otherwise tried to circumvent disclosure requirements. And the district court rejected Seys's position that Kearney acted in bad faith, reasoning this speculation was based on "unreasonable" inferences and "an overly literal parsing of . . . Kearney's testimony and assumptions about what law enforcement agents from different but related agencies should know throughout the course of a prolonged investigation." Our review of the record convinces us there is no basis to disturb the district court's determination.

Without a potentially meritorious due process claim, the only other allegedly fair and just reason Seys advanced for withdrawing his guilty plea was his desire to use Kearney's purportedly inconsistent explanations regarding the video to impeach him at trial. Applying our precedent, the district court decided this was not a fair and just reason for Seys to withdraw his guilty plea. *See Nichols*, 986 F.2d at 1201–02 (holding new evidence that "at best" was "only a source of impeachment material" did "not constitute a sufficient reason" to permit the defendant to withdraw his guilty plea); *United States v. Morrison*, 967 F.2d 264, 269–70 (8th Cir. 1992) (affirming the district court's decision to deny a motion to withdraw a guilty plea when the "purported new evidence was . . . only weak impeachment evidence"). Under these facts, we agree with the district court's assessment.

Because Seys did not establish a fair and just reason to withdraw his guilty plea, we hold the district court did not abuse its discretion by denying his motion.

### B. Sentencing Issues

We next consider Seys's sentence, which he attacks in two ways. First, he argues the district court clearly erred in denying a Guidelines reduction for acceptance of responsibility. He also argues his 324-month sentence of imprisonment is substantively unreasonable. Neither argument prevails.

The Guidelines instruct sentencing courts to decrease a defendant's offense level by two levels when "the defendant clearly demonstrates acceptance of

-6-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 8 of 11
Appellate Case: 20-3720   Page: 6   Date Filed: 03/01/2022 Entry ID: 5131351

responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). "It is the defendant's burden to prove his entitlement to the reduction." *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). The Application Notes to § 3E1.1 explain that "[a] defendant who falsely denies, or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]" U.S.S.G. § 3E1.1 cmt. n.1(A).

We review the district court's denial of the acceptance of responsibility reduction for clear error. *See United States v. Walker*, 688 F.3d 416, 426 (8th Cir. 2012). "We afford 'great deference' to the sentencing judge's determination of whether to grant the reduction because of the judge's 'unique position to evaluate a defendant's acceptance of responsibility.'" *Cooper*, 998 F.3d at 810 (quoting *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017)).

Here, the district court denied the acceptance-of-responsibility reduction primarily because Seys made "frivolous objections" related to the quantity of drugs attributed to him at his sentencing. The district court explained that while Seys had the right to contest the drug quantities and hold the government to its burden, his claims that he did not participate in drug transactions with certain individuals were frivolous considering the record. Seys fails to show on appeal that this finding was clearly erroneous. Thus, we conclude the district court did not procedurally err by denying the reduction.

This leaves only Seys's challenge to the substantive reasonableness of his sentence, which we review for an abuse of discretion. *See United States v. Wilcox*, 666 F.3d 1154, 1156 (8th Cir. 2012). A sentencing court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* at 1156–57 (quoting *United States v. Bryant*, 606 F.3d 912, 921 (8th Cir. 2010)). "Under this standard, our review is 'narrow and deferential.'" *United States v.*

-7-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 9 of 11
Appellate Case: 20-3720   Page: 7   Date Filed: 03/01/2022 Entry ID: 5131351

*Harrell*, 982 F.3d 1137, 1141 (8th Cir. 2020) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).

Seys argued the district court should have varied below the Guidelines range. He claims this was warranted based on his "difficult childhood upbringing, untreated mental health issues, and . . . the over-severity of sentences in actual (pure) methamphetamine cases and the disparity between the actual (pure) methamphetamine and methamphetamine mixture guidelines[.]"

We give district courts wide latitude in weighing the relevant factors when imposing a sentence. *See Wilcox*, 666 F.3d at 1157. A district court's decision to "give some factors less weight than a defendant prefers or more to other factors . . . alone does not justify reversal." *Id.* (quoting *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010)). "After all, the sentencing judge is in the best position to find facts and judge their import under [18 U.S.C.] § 3553(a) in the individual case." *Id.* at 1157–58 (cleaned up) (quoting same).

Here, the district court thoroughly explained its consideration of the § 3553(a) factors, discussing Seys's offense conduct, his age, his mental health, his frequent run-ins with law enforcement, his lack of legitimate income, his drug and alcohol abuse, his difficult childhood, and his approximately fifteen prior criminal convictions. Under these circumstances articulated by the district court, we conclude the bottom-of-the-Guidelines sentence of 324 months is not substantively unreasonable.

Finally, we reject Seys's argument that the district court abused its discretion when it stated Seys's two siblings "grew up apparently in the same" difficult environment as he did and yet had "not been involved in committing crimes." Seys claims this statement was speculative because the record is "not clear" whether the siblings grew up in the same circumstances or "had a criminal history."

-8-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 10 of 11
Appellate Case: 20-3720   Page: 8   Date Filed: 03/01/2022 Entry ID: 5131351

Because there was no objection, we review this argument under a plain error standard, which among other elements requires Seys to show "the purported error affected his substantial rights." *Harrell*, 982 F.3d at 1140. "To do so, [Seys] must show 'a reasonable probability that but for the error he would have received a more favorable sentence.'" *Id.* (quoting *United States v. Bonnell*, 932 F.3d 1080, 1083 (8th Cir. 2019)). "When a district court relies on speculation or facts not in the record, we consider whether such reliance was a 'principal basis' for the sentence." *Id.* (quoting *United States v. Durr*, 875 F.3d 419, 421 (8th Cir. 2017)). Given the district court's thorough analysis of the § 3553(a) factors, we are not convinced the district court's statements about the siblings—even if they were speculative or unsupported—formed a principal basis for the sentence. With no reasonable probability that but for the alleged error Seys's sentence would have been lower, his argument fails.

### III. Conclusion

We affirm the district court's judgment.

_____

-9-

Case 2:19-cr-01004-CJW-MAR   Document 183-1   Filed 03/03/22   Page 11 of 11
Appellate Case: 20-3720   Page: 9   Date Filed: 03/01/2022 Entry ID: 5131351